UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AVAZPOUR NETWORKING SERVICES, INC.,
JIM AVAZPOUR AND KIM AVAZPOUR,

MEMORANDUM
AND ORDER

                       Plaintiff,

CV 12-3574

     -against-

(Wexler, J.)

FALCONSTOR SOFTWARE, INC.

                      Defendants.
-----------------------------------------------------------X

APPEARANCES:



    LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
    BY: JONATHAN D. SELBIN, ESQ.
        MICHAEL JOSEPH MIARMI, ESQ.
        DOUGLAS IAN CUTHBERTSON, ESQ.
    Attorneys for Plaintiffs
    250 Hudson Street, 8th Floor
    New York, New York 10013-1413

    LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
    BY: ERIC B. FASTIFF
    Attorneys for Plaintiffs
    275 Battery Street 30th Floor
    San Francisco, California 94111

    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER, LLP
    BY: ADAM BIALEK, ESQ.
        RICHARD LYLE REITER, ESQ.
    Attorneys for Defendant
    150 East 42nd Street
    3 Gannett Drive
    White Plains, New York 10604

WEXLER, District Judge

In this diversity action, Plaintiffs assert causes of action arising out of their business relationship with Defendant. Plaintiffs are Avazpour Networking Services, Inc., ("Avazpour" or "ANS"), Jim Avazpour and Kristy Avazpour (collectively the "Individual Plaintiffs"). The Individual Plaintiffs are the founders of ANS. Jim Avazpour is the President and former CEO of ANS. Kristy Avazpour served as the company's Vice President of Marketing from 2006 through October of 2010. Defendant is Falconstor Software, Inc. ("Falconstor").

The facts supporting all of Plaintiffs' claims arise out of Defendant's performance in connection with an upgrade it performed to Avazpour's storage area network, i.e. the system that allows ANS to remotely store and protect client data. In a prior Memorandum and Order, this court dismissed all of Plaintiffs' claims sounding in tort. The court also dismissed Plaintiffs' separately stated claim for breach of the implied covenant of good faith and fair dealing on the ground that any such claim was, under the circumstances here, redundant to Plaintiffs' claim for breach of contract.

Presently before the court is Plaintiffs' motion, for partial reconsideration. Specifically, Plaintiffs seek reconsideration of the dismissal of the claim for violation of the implied covenant of good faith and fair dealing.[1]

---

[1] The facts in this matter are set forth in detail in the prior opinion of this court. Familiarity with those facts is assumed.

2

## Disposition of the Motion

I.   Legal Standard

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

II.   The Motion for Reconsideration is Denied

Plaintiffs seek reconsideration of the dismissal of their claim for violation of the implied covenant of good faith and fair dealing on the ground that there is a need to correct a clear error. In support of the motion, Plaintiffs argue that the dismissed claim is not redundant to the contract claim as it arises from factual allegations distinct from its claim for breach of contract. The court

disagrees.

As noted in this court's prior opinion, breach of an implied duty of good faith "is merely breach of the underlying contract." Giller v. Oracle USA, Inc., 2013 WL 646153*2 (2d Cir. 2013), quoting, Fasolino Foods Co. v. Banca Nazionale del Lavoro, 961 F.2d 1052, 1056 (2d Cir.1992). While circumstances exist where such claims are not duplicative, this is not one of those cases. Specifically, the court recognizes that where the two claims arise from different facts, a claim for breach of the implied covenant of good faith and fair dealing may be pursued separately from a claim for breach of contract. See, e.g., Dorset Industries, Inc. v. Unified Grocers, Inc., 893 F. Supp.2d 395, 405 (E.D.N.Y. 2012). Where, however, the claims are based upon the same allegations or facts, the claim for breach of the covenant of good faith and fair dealing is duplicative of a claim for breach of contract, and is properly dismissed. Id.

Here, Plaintiffs' contract claims allege that Falconstor improperly carried out its obligations under the Evaluation Agreement and the Statement of Work. The complaint alleges no factual allegations that fall outside of Defendant's alleged breach that are sufficient to form the basis for an alleged breach of any separate obligation. The court therefore finds no error in its prior decision to dismiss the claim for breach of the implied covenant of good faith and fair dealing as duplicative of the breach of contract claim. Again, the court expresses no opinion as to the merits of Plaintiffs' remaining claim.

## CONCLUSION

For the foregoing reasons, the court denies Plaintiffs' motion for reconsideration. The Clerk of the Court is directed to terminate the motion appearing as docket entry number 23 in this

4

matter.

SO ORDERED.

/s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
May 29, 2013

5